UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA and AMERICAN HOME ASSURANCE COMPANY,<br><br>                        Plaintiff,<br><br>- against -<br><br>LAFARGE NORTH AMERICA, INC. and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,<br><br>                        Defendants. | ECF CASE<br><br><br>Case No.: 08 CV 3289<br><br><br><br>ANSWER WITH<br><u>AFFIRMATIVE DEFENSES</u> |

      Defendant, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or the "Club"), by and through its attorneys, Thacher Proffitt & Wood LLP, hereby answers the Declaratory Judgment Complaint (the "Complaint") of Plaintiffs, The Northern Assurance Company of America and American Home Assurance Company (collectively, "Plaintiffs"), as follows:

      1.      Paragraphs 1, 3-6, 65, 83, 87, 101 and 104 of the Complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3-6, 65, 83, 87, 101 and 104 of the Complaint.

      2.      The American Club denies the allegations contained in paragraphs 29-30, 34, 37-38, 49, 62, 64, 71-77, 79-80 and 82 of the Complaint.

      3.      The American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8-12, 15, 18-26, 32, 39-48, 50-53, 59, 81, 84-86, 88-100, 102 and 105-107 of the Complaint.

4. The American Club admits the allegations contained in paragraphs 2, 14 and 63 of the Complaint.

5. The American Club denies the allegations contained in paragraph 60, 68, 70 and 78, but refers to the referenced documents for the true and complete terms thereof.

6. The American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 55-58, but refers to the referenced documents for the true and complete terms thereof.

7. The American Club admits the allegations contained in paragraphs 33, 35-36 and 67 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

8. The American Club admits that the Club and co-defendant Lafarge North America, Inc. ("Lafarge") are currently litigating an action in this judicial district entitled *American Steamship Owners Mutual Protection and Indemnity Association v. Lafarge North America, Inc.*, 06 CV 3123 (CSH), but except as expressly admitted, the American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

9. The American Club admits that Lafarge is incorporated in Maryland and has its principal place of business at 12950 Worldgate Drive, Suite 500, Herndon, Virginia, but except as expressly admitted, the American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

10. The American Club admits the allegations contained in paragraph 16 of the Complaint, except denies that it has a principal place of business at 60 Broad Street, New York, New York.

11. The American Club admits that it provides cover to members against third-party liabilities encountered in their commercial operations, but except as expressly admitted, the American Club denies the allegations contained in paragraph 17 of the Complaint.

12. The American Club admits that Lafarge's rights and obligations with the Club are governed at least in part by the American Club By-Laws and Rules (the "Club Rules"), but except as expressly admitted, the American Club denies the allegations contained in paragraph 27 of the Complaint.

13. The American Club admits that the allegations contained in paragraph 28 of the Complaint and admits that Lafarge's Certificate of Entry for the period February 20, 2005 to February 20, 2006 is included within Exhibit 1 annexed to Plaintiff's Complaint.

14. The American Club admits that Lafarge was a member of the Club during the policy year that commenced February 20, 1999 and was a member of the Club during the policy year that commenced February 20, 2005, but except as expressly admitted, the American Club denies the allegations contained in paragraph 31 of the Complaint.

15. The American Club admits that the allegations set forth in the pleadings in the multiple Katrina Claims-related lawsuits are sufficient to trigger the obligations of NYMAGIC under the primary MMO policy. Except as expressly admitted, the American Club denies the allegations contained in paragraph 54 of the Complaint.

16. The American Club admits that, on or about April 21, 2006, it sent a letter to Lafarge declining coverage, stating, among other things, that Barge ING 4727 had not been entered with the Club at the time of the casualty, or at any other time, and even if it had been entered, coverage for claims against the vessel would have been excluded. Except as expressly admitted, the American Club denies the allegations contained in paragraph 61 of the Complaint.

17. The American Club admits that, on or about April 21, 2006, the American Club sent a letter to Lafarge declining its claim for defense costs and indemnity with regard to the Katrina Claims, and also admits that a copy of the American Club's declaratory judgment Complaint, without exhibits, filed in the action *American Steamship Owners Mutual Protection and Indemnity Association v. Lafarge North America, Inc.*, 06 CV 3123 (CSH), is annexed to Plaintiff's Complaint as Exhibit 2. Except as expressly admitted, the American Club denies the allegations contained in paragraph 66 of the Complaint and refers to the referenced document for the true and complete terms thereof.

18. The American Club admits that a copy of the Transportation Agreement between Lafarge and Ingram Barge Company is annexed to Plaintiff's Complaint as Exhibit 3. Except as expressly admitted, the American Club denies the allegations contained in paragraph 69 of the Complaint and refers to the referenced document for the true and complete terms thereof.

19. The American Club admits that the Club Rules contain an "Other Insurance" clause or terms and that the Club Rules are incorporated by reference into Lafarge's Certificate of Entry with the Club. Except as expressly admitted, the American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no standing to assert claims against the American Club.

### THIRD AFFIRMATIVE DEFENSE

The American Club does not owe any duty or obligation to Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to join an indispensable party or parties.

### FIFTH AFFIRMATIVE DEFENSE

The allegations and/or damages specified within Plaintiffs' Complaint are not ripe for adjudication by this Court.

### SIXTH AFFIRMATIVE DEFENSE

Cover for the claims at issue is specifically excluded by the applicable Club Rules, Certificate(s) of Entry and/or other policy or membership terms and conditions between Lafarge and the Club.

### SEVENTH AFFIRMATIVE DEFENSE

Any claim against the American Club is barred, in whole or in part, by Lafarge's breach of its obligations under the applicable Club Rules, Certificate(s) of Entry and/or other policy or membership terms and conditions between Lafarge and the Club.

### EIGHTH AFFIRMATIVE DEFENSE

Any claim against the American Club is barred, in whole or in part, by Lafarge's breach of the implied covenant of good faith and fair dealing.

### NINTH AFFIRMATIVE DEFENSE

Any claim against the American Club is barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

### TENTH AFFIRMATIVE DEFENSE

Any claim against the American Club is barred, in whole or in part, by Plaintiffs' and/or Lafarge's unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or Lafarge are equitably estopped from recovery.

### TWELFTH AFFIRMATIVE DEFENSE

Any claim against the American Club is barred, in whole or in part, pursuant to New York State Insurance Law and/or any other applicable statutory provisions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any claim against the American Club is barred, in whole or in part, by Plaintiffs' and/or Lafarge's failure to mitigate its claimed damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The allegations and/or damages specified within Plaintiffs' Complaint have been rendered moot by intervening circumstances and occurrences.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have sustained no damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is frivolous and without merit, constituting an abuse of process in violation of Federal Rule of Civil Procedure 11.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The American Club reserves all rights to assert additional affirmative defenses should defenses be warranted based on the facts disclosed through discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant, American Steamship Owners Mutual Protection and Indemnity Association, Inc., prays:

1.  that this Court dismiss with prejudice the Complaint of Plaintiffs, The Northern Assurance Company of America and American Home Assurance Company;

2.  that this Court award American Steamship Owners Mutual Protection and Indemnity Association, Inc. its costs and disbursements for this action, including, but not limited to, attorneys' fees; and

3.  that this Court grant American Steamship Owners Mutual Protection and Indemnity Association, Inc. such other and further relief as is just and proper.

Dated:   New York, New York
         April 22, 2008

THACHER PROFFITT & WOOD LLP

By: /s/ John M. Woods
    John M. Woods
    jwoods@tpw.com
    Alan F. Kaufman
    akaufman@tpw.com

Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for Defendant, American Steamship Owners Mutual Protection and Indemnity Association, Inc.*