HILL RIVKINS & HAYDEN LLP
*Attorneys for Defendant*
*Lafarge North America Inc.*
45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA and AMERICAN HOME ASSURANCE COMPANY, | Civil Action No. 08-3289 (CSH) |
| Plaintiffs, | |
| - against – | **ANSWER** |
| LAFARGE NORTH AMERICA, INC. and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., | |
| Defendants. | |

-------------------------------------------------------------x

Defendant, Lafarge North America Inc., ("LNA") by and through its attorneys, Hill Rivkins & Hayden LLP, as and for its Answer to the Complaint of Plaintiffs, The Northern Assurance Company of America ("NACA") and American Home Assurance Company ("AHAC"), respectfully states upon information and belief as follows:

1. LNA denies that there is a matter in controversy, justiciable before this Court by virtue of the instant action initiated by the plaintiffs, NACA and AHAC.

2. LNA admits that there are several third party lawsuits pending against LNA for Hurricane Katrina claims, but except as so specifically admitted, denies the remaining allegations of paragraph 2 of the Complaint.

1

3. LNA denies the allegations of paragraph 3 of the Complaint, and specifically denies that NACA and AHAC are entitled to the relief sought.

4. LNA admits that NACA and AHAC state that the instant action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, but except as so specifically admitted, denies that the Act can be invoked with respect to the allegations of NACA and AHAC in the instant action.

5. LNA denies that the plaintiffs herein have a ripe or justiciable claim within this Court's subject matter jurisdiction.

6. LNA denies the allegations contained in paragraph 6 of the Complaint.

7. LNA admits there is a pending action in this district but denies the remaining allegations contained in paragraph 7 of the Complaint.

8. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. LNA admits the allegations contained in paragraph 13 of the Complaint.

14. LNA admits the allegations contained in paragraph 14 of the Complaint.

15. LNA admits the allegations contained in paragraph 15 of the Complaint.

16. LNA admits the allegations contained in paragraph 16 of the Complaint, except that LNA believes that the American Club has its principal place of business at 1 Battery Park Plaza.

17. LNA admits the allegations contained in paragraph 17 of the Complaint.

18. LNA admits that NYMAGIC issued a Primary Marine Liabilities Policy to LNA effective May 1, 2005, but is otherwise without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 18 of the Complaint.

19. LNA is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 19 of the Complaint.

20. LNA admits the allegations contained in paragraph 20 of the Complaint.

21. LNA admits that NYMAGIC as lead underwriter issued an Excess Marine Liabilities Policy to LNA for the period May 1, 2005, to May 1, 2006, with coverage up to $50,000,000, but otherwise is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 21 of the Complaint.

22. LNA admits that the Primary Marine Liabilities Policy issued by NYMAGIC includes the quoted language, without emphasis, but denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint calls for a legal conclusion to which no response is required.

24. LNA denies the allegations contained in paragraph 24 of the Complaint.

25. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. LNA admits that it has incurred reasonable defense costs in excess of $7.5 million and is claiming against NYMAGIC for the recovery of same, but except as specifically so admitted, LNA denies the remaining allegations contained in paragraph 26 of the Complaint.

27. LNA admits the allegations contained in paragraph 27 of the Complaint.

28. LNA admits the allegations contained in paragraph 28 of the Complaint, except it avers that the Member-Specific Provisions are in the body of the applicable Certificate of Entry.

29. Paragraph 29 of the Complaint calls for a legal conclusion to which no response is required.

30. LNA admits the allegations contained in paragraph 30 of the Complaint.

31. LNA admits the allegations contained in paragraph 31 of the Complaint.

32. LNA admits the allegations contained in paragraph 32 of the Complaint.

33. LNA admits the allegations contained in paragraph 33 of the Complaint.

34. LNA admits the allegations contained in paragraph 34 of the Complaint.

35. LNA admits the allegations contained in paragraph 35 of the Complaint.

36. LNA admits the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint calls for a legal conclusion to which no response is required.

38. LNA admits the allegations contained in paragraph 38 of the Complaint.

39. LNA admits that NYMAGIC issued an Excess Marine Liabilities Policy to which NACA and AHAC subscribe as following underwriters, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint.

40. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint.

41. LNA admits the allegations contained in paragraph 41 of the Complaint.

42. LNA denies the allegations contained in paragraph 42 of the Complaint.

43. LNA denies the allegations contained in paragraph 43 of the Complaint.

44. LNA admits that the Excess Marine Liabilities Policy contains a clause addressing underlying insurance, but avers that the remainder of Paragraph 44 of the Complaint calls for a legal conclusion to which no response is required.

45. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47. LNA admits the Excess Policy contains the quoted language but otherwise denies the allegations contained in paragraph 47 of the Complaint.

48. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint.

49. LNA admits the allegations contained in paragraph 49 of the Complaint.

50. LNA admits the allegations contained in paragraph 50 of the Complaint.

51. LNA admits the allegations contained in paragraph 51 of the Complaint.

52. LNA admits Barge ING 4727 became adrift from her moorings and floated through an existing breach in the floodwall after that breach had already occurred, but denies the remaining allegations contained in paragraph 52 of the Complaint.

53. LNA admits that at least four lawsuits have been filed against LNA, and that the plaintiffs in some of the suits have made class action allegations, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint.

54. LNA admits the allegations contained in paragraph 54 of the Complaint.

55. LNA admits that allegations in the complaint in the *Boutte* action implicate LNA's coverage under its membership in the American Club, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint.

56. LNA admits that allegations in the complaint in the *Mumford* action implicate LNA's coverage under its membership in the American Club, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint.

57. LNA admits that allegations in the third party complaints in the *Ingram* limitation action implicate LNA's coverage under its membership in the American Club, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Complaint.

58. LNA admits that the *Mumford* and *Boutte* actions include allegations that LNA was at all relevant times the owner, operator and/or was in control of barge ING

4727, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint.

59. LNA admits the allegations contained in paragraph 59 of the Complaint.

60. LNA admits its counsel wrote to the American Club on March 3, 2006, regarding its claim for indemnification arising from Hurricane Katrina, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Complaint.

61. LNA admits the allegations contained in paragraph 61 of the Complaint.

62. LNA admits the allegations contained in paragraph 62 of the Complaint.

63. LNA admits the allegations contained in paragraph 63 of the Complaint.

64. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

65. LNA repeats and incorporates its Answers to paragraphs 1 through 64 as if fully set forth herein.

66. LNA admits that counsel for the American Club sent a letter on or about April 21, 2006, to counsel for LNA, which purported to communicate a denial of coverage for LNA's claim, and that the American Club filed the Club D.J. Action, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of the Complaint.

67. LNA admits the allegations contained in paragraph 67 of the Complaint.

68. LNA admits that the first cause of action in the Club D.J. Action complaint makes several allegations and respectfully directs the Court to that pleading, but

otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68 of the Complaint.

69. LNA admits the allegations contained in paragraph 69 of the Complaint.

70. LNA admits that the Transportation Agreement contains the language quoted in paragraph 70 of the Complaint, without the emphasis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph.

71. LNA admits the allegations contained in paragraph 71 of the Complaint.

72. LNA admits the allegations contained in paragraph 72 of the Complaint.

73. LNA admits the allegations contained in paragraph 73 of the Complaint.

74. LNA admits the allegations contained in paragraph 74 of the Complaint.

75. LNA admits the allegations contained in paragraph 75 of the Complaint, and further avers that it actually tendered the required premium to the American Club.

76. LNA admits the allegations contained in paragraph 76 of the Complaint.

77. LNA admits that the American Club is liable under the Certificate of Entry and the Club Rules (1) to provide LNA with defense costs in the underlying Katrina related litigations, and (2) to reimburse LNA for the costs of defending the Club D.J. Action, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 of the Complaint.

78. LNA admits that the second cause of action in the Club D.J. Action complaint makes several allegations and respectfully directs the Court to that pleading, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint calls for a legal conclusion to which no response is required.

80. LNA admits the allegations contained in paragraph 80 of the Complaint.

81. LNA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint calls for a legal conclusion to which no response is required.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

83. LNA repeats and incorporates its Answers to paragraphs 1 through 82 as if fully set forth herein.

84. LNA admits the quoted language appears in the "excess policy", but otherwise denies the allegations contained in paragraph 84 of the Complaint.

85. LNA denies the allegations contained in paragraph 85 of the Complaint.

86. LNA denies the allegations contained in paragraph 86 of the Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

87. LNA repeats and incorporates its Answers to paragraphs 1 through 86 as if fully set forth herein.

88. LNA admits that the quoted language appears, without emphasis, in the primary marine liabilities policy issued by NYMAGIC, but denies the remaining allegations contained in paragraph 88 of the Complaint.

89. LNA denies the allegations contained in paragraph 89 of the Complaint.

90. LNA denies the allegations contained in paragraph 90 of the Complaint.

91. LNA denies the allegations contained in paragraph 91 of the Complaint.

92. LNA denies the allegations contained in paragraph 92 of the Complaint.

93. LNA denies the allegations contained in paragraph 93 of the Complaint.

94. LNA denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 94 of the Complaint.

95. LNA admits that it paid and/or incurred expenses in excess of $7.5 million in defense of the underlying Katrina Claims, but except as so specifically admitted, denies the remaining allegations contained in paragraph 95 of the Complaint.

96. LNA admits that it has made a claim for reimbursement of defense costs under the MMO Policy and the Excess Marine Liabilities Policy, but otherwise denies the remaining allegations contained in paragraph 96 of the Complaint.

97. LNA admits that the "excess policy" contains the quoted language, without emphasis, but otherwise denies the allegations contained in paragraph 97 of the Complaint.

98. LNA denies the allegations contained in paragraph 98 of the Complaint.

99. LNA denies the allegations contained in paragraph 99 of the Complaint.

100. LNA denies the allegations contained in paragraph 100 of the Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

101. LNA repeats and incorporates its Answers to paragraphs 1 through 100 as if fully set forth herein.

102. Paragraph 102 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required.

103. Paragraph 103 of the Complaint calls for a legal conclusion to which no response is required.

104. Paragraph 104 asserts only legal conclusions to which no response is required.

105. LNA denies the allegations contained in paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint calls for a legal conclusion to which no response is required.

107. LNA denies the allegations contained in paragraph 107 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108. The Complaint fails to state a claim against LNA upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109. If there are any justiciable issues raised in the Complaint, these issues are the subjects of actions currently before this Court, and there is no need to litigate them anew in this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110. The Complaint must be dismissed as plaintiffs have failed to join an indispensable party.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111. The plaintiffs do not have standing to commence this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112. The plaintiffs are estopped from denying coverage, and/or from asserting that the coverage to which they subscribe is excess to the coverage provided by the American Club.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113. The allegations in the plaintiffs' complaint are not justiciable, as, *inter alia*, they are not ripe for adjudication.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114. The plaintiffs have sustained no damages, nor are they exposed to any recoverable damages that can support this action.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

115. LNA is entitled to all rights and defenses available under the New York State Insurance Law, and/or any other applicable statutory provision.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116. LNA is entitled to the benefit of all rights and defenses set out in all policies of insurance applicable to its claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117. LNA reserves the right to assert additional affirmative defenses should additional facts be obtained through discovery.

**WHEREFORE**, LNA respectfully prays as follows:

1. For judgment dismissing the plaintiffs' Complaint with prejudice;

2.  For a trial by jury as to all issues to be tried;

3.  For all costs of suit, including attorneys' fees;

4.  For such other and further relief as this Court deems just and proper.


Dated: New York, New York
       April 30, 2008

                        HILL RIVKINS & HAYDEN LLP
                        Attorneys for Defendant
                        Lafarge North America Inc.

By: _____
            Robert G. Clyne (RC-2987)
            John J. Sullivan (JS-1037)
            45 Broadway – Suite 1500
            New York, New York 10006
            (212) 669-0600