UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NORTHERN ASSURANCE COMPANY OF AMERICA and AMERICAN HOME ASSURANCE COMPANY,

Plaintiffs,

- against -

LAFARGE NORTH AMERICA, INC. and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,

Defendants.

**ECF CASE**

Case No.: 08 CV 3289 (CSH) (AJP)

**BRIEF OF DEFENDANT AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. IN SUPPORT OF AND JOINING IN THE CROSS-MOTION BY DEFENDANT LAFARGE NORTH AMERICA, INC. TO DISMISS THE ACTION**

Defendant American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), by and through its attorneys Thacher Proffitt & Wood LLP, hereby joins the Cross-Motion to Dismiss the instant action by Defendant Lafarge North America, Inc. ("Lafarge") filed on June 5, 2008 (the "Cross-Motion"), and in further support thereof states as follows:

**ARGUMENT**

**I. THE COMPLAINT OF PLAINTIFF UNDERWRITERS MUST BE DISMISSED IN ITS ENTIRETY BECAUSE IT FAILS TO SATISFY THE JURISDICTIONAL PREREQUISITES OF THE DECLARATORY JUDGMENT ACT**

The complaint of Northern Assurance Company of America and American Home Assurance Company (collectively, "Plaintiff Underwriters") must be dismissed in its entirety for all of the reasons set forth in Point I of the Cross-Motion. As explained more fully in the Cross-

Motion, the Plaintiff Underwriters' complaint fails to satisfy the jurisdictional prerequisites of the Declaratory Judgment Act, 28 U.S.C. §2201(a). More specifically, because Plaintiff Underwriters agreed to have NYMAGIC act as the lead excess insurer and make all decisions regarding claims, Plaintiff Underwriters fail to satisfy the Declaratory Judgment Act's requirement that they have legal interests adverse to the American Club of sufficient immediacy. As discussed by Lafarge, because Plaintiff Underwriters contractually deferred all decision-making authority with respect to claims to NYMAGIC, they cannot demonstrate redressable legal interests that are adverse to either the American Club or Lafarge.

## II. THE SOUND EXERCISE OF THIS COURT'S DISCRETION COMPELS DISMISSAL OF THE COMPLAINT WHERE PLAINTIFF UNDERWRITERS ARE PROCEEDING WITHOUT NYMAGIC

As further discussed in the Cross-Motion, it is completely within this Court's discretion to dismiss the declaratory judgment action filed by Plaintiff Underwriters. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995) (stating that "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare rights of litigants"); *see also Dow Jones & Co. Inc., v. Harrods, Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003); *National Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17 (2d Cir. 1997). The factors a court should consider in determining whether to hear a declaratory judgment action are "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Dow Jones & Co. Inc.*, 346 F.3d at 359. In the instant action, because NYMAGIC has refused to join in this action, the action does not serve a useful purpose and will not finalize the controversy. Thus, both factors weigh in favor of dismissal.

Moreover, as discussed more fully in the Cross-Motion, because Plaintiff Underwriters are bound by NYMAGIC's decisions regarding claims, any policy defenses not preserved by NYMAGIC are deemed waived. *See New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1431-33 (2d Cir. 1991) (explaining that where an insurer raises only certain grounds for denial of a claim in correspondence to its insured, any other grounds which the insurer is or reasonably should be aware of are deemed waived). Accordingly, because it seeks to assert policy defenses not preserved by NYMAGIC, Plaintiff Underwriters' declaratory judgment action should be dismissed.

**A. The First Cause of Action in the Declaratory Judgment Complaint Should Be Dismissed Because It is Duplicative of the Action Brought By the Club Against Lafarge Without Providing Any Useful Legal Purpose**

The Court should exercise its discretion to dismiss the first cause of action brought by Plaintiff Underwriters against the American Club because the issue of whether Lafarge's entry with the American Club provides cover for the Ingram Barge ING 4727 is already being litigated in the American Club's declaratory judgment action against Lafarge. As previously discussed in the American Club's Memorandum of Law in Opposition to Motion to Consolidate and Support of Cross-Motion to Stay, Lafarge is currently vigorously defending its position that its certificate of entry with the American Club did provide cover for the Barge ING 4727 in the declaratory judgment action brought by the American Club, an action in which factual discovery has closed. To allow the Plaintiff Underwriters – complete strangers to Lafarge's certificate of entry with the American Club – to litigate the issue of whether the Barge ING 4727 was entered with the American Club can serve no useful purpose.

Moreover, allowing the Plaintiff Underwriters' action against the American Club to proceed will not resolve any legal issues because, as explained more fully in the Cross-Motion,

NYMAGIC is the lead underwriter and the Plaintiff Underwriters are contractually required to follow any decision made by NYMAGIC regarding claims. Therefore, any later decision by NYMAGIC would be binding on the Plaintiff Underwriters regardless of the outcome of any declaratory judgment. Accordingly, the Court should exercise its discretion and dismiss the first cause of action against the American Club.

**B. The Fourth Cause of Action Should be Dismissed Because the Excess Policy Must Cover Lafarge's Wharfinger's Liability as Soon as Lafarge's Loss Exceeds the Primary NYMAGIC Policy Limit**

As set forth in the Cross-Motion, the fourth cause of action brought by the Plaintiff Underwriters should be dismissed because the Plaintiff Underwriters cannot show that their coverage begins only if and when the policies issued by NYMAGIC and the American Club are exhausted. These two policies insure Lafarge against different risks, and it is not necessarily the case that both policies will be implicated in the litigations arising out of Hurricane Katrina.[1] In addition, NYMAGIC, as primary insurer, already has properly accepted coverage for Lafarge's liabilities, as a wharfinger, "for damage caused directly or indirectly by the freeing or breaking away" of vessels from "landing and/or mooring facilities which are owned, operated, utilized, controlled or leased by the Assured." (See Declaration of Robert G. Clyne submitted in support of the Cross-Motion (the "Clyne Declaration"), Ex. A, p. 10 of 16). Thus, the policy issued by the Plaintiff Underwriters (the "Excess Policy") – which by its terms provides cover to Lafarge

---

[1] Additionally, the fourth cause of action must be dismissed because the Plaintiff Underwriters lack an actual case or controversy against the American Club. The Court lacks subject matter jurisdiction over this claim against the American Club because there is only a possibility that it will require an actual judicial declaration, since it is predicated on a finding that the American Club's policy does in fact provide cover to Lafarge. Thus, as discussed more thoroughly in the American Club's Memorandum of Law in Opposition to Motion to Consolidate and Support of Cross-Motion to Stay, this claim is not ripe for adjudication; as such, it must be dismissed. *See, e.g., U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F. Supp. 2d 348, 354 (E.D.N.Y. 2006) (declining to exercise jurisdiction after finding that "[a]t this point, a determination of the insurers' respective liability exposure is nothing more than theoretical. Such a determination might be made moot by a finding of non-liability in the state court action."); *see also Certain Underwriters at Lloyds, London v. St. Joe Minerals Corp.*, 90 F.3d 671, 675 (2d Cir. 1996) ("It is by now traditional law that 'the judicial power does not extend to . . . abstract questions.'") (citations omitted).

for "[a]ll other sums which the Assured shall become legally liable to pay…in respect of claims made against the Assured for damages of whatsoever nature" (see Clyne Declaration, Ex. B, p. 5 of 22) – must cover Lafarge once the NYMAGIC policy limits are reached.

Moreover, as stated by Lafarge, the Excess Policy contains no provision that cover is only provided to Lafarge when the limits of policies issued by NYMAGIC and/or the American Club are exhausted. Accordingly, the Court should exercise its discretion and dismiss the fourth cause of action.

## CONCLUSION

For the foregoing reasons, as well as the reasons advanced in the Cross-Motion, the declaratory judgment complaint of Plaintiff Underwriters must be dismissed because the Plaintiff Underwriters have failed to satisfy the requirements of the Declaratory Judgment Act. Alternatively, for the reasons set forth above and in the Cross-Motion, the Court should exercise its discretion and dismiss the first and fourth causes of action against the America Club.

Dated: New York, New York
June 23, 2008

THACHER PROFFITT & WOOD LLP

By: /s/ John M. Woods
John M. Woods
jwoods@tpw.com
Jennifer S. Kozar
jkozar@tpw.com

Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for American Steamship Owners Mutual Protection and Indemnity Association, Inc.*