UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA and AMERICAN HOME ASSURANCE COMPANY,<br><br>                                      Plaintiffs,<br><br>   - against -<br><br>LAFARGE NORTH AMERICA, INC. and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,<br><br>                                      Defendants. | ECF CASE<br><br>Case No.: 08 CV 3289 (CSH) (AJP) |

**AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION
AND INDEMNITY ASSOCIATION, INC.'S  REPLY
<u>MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO STAY</u>**

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, New York 10281
(212) 912-7400
John M. Woods
Jennifer S. Kozar

*Attorneys for American Steamship Owners
  Mutual Protection and Indemnity
  Association, Inc.*

American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), by and through its attorneys Thacher Proffitt & Wood LLP, hereby submits this Reply Memorandum of Law in further support of its cross-motion to stay the instant action (as against the American Club only) pending resolution of a declaratory judgment action filed by the American Club in April 2006 against Lafarge North America, Inc. ("Lafarge"), *American Steamship Owners Mutual P&I Ass'n v. Lafarge North America, Inc.* (06 Civ. 3123).

## PRELIMINARY STATEMENT

While Plaintiffs Northern Assurance Company of America and American Home Assurance Company (collectively, "Plaintiff Underwriters") have attempted to cloud the issue currently before this Court by including arguments in their Memorandum of Law in Opposition to Motion to Stay (the "Opposition") that neither address nor pertain to the American Club's analysis in the Memorandum of Law in Support of Cross-Motion to Stay (the "Cross-Motion to Stay"), it is clear they have failed to refute the American Club's position that a stay of the instant action is warranted. Instead of analyzing the relevant case law, Plaintiff Underwriters have filled the bulk of their brief with a lengthy discussion on the merits of their "other insurance" claims, and in so doing have simply ignored the relevant factors which a court considers in granting a stay. As previously established by the American Club, these relevant factors all weigh in favor of staying the instant action by the Plaintiff Underwriters, and the Court should therefore grant the Cross-Motion to Stay.

## ARGUMENT

### The Captioned Matter Should Be Stayed
### Pending the Outcome of the American Club's Action Against Lafarge

As stated in both the Cross-Motion to Stay and the Opposition, New York courts analyze the following five factors in determining whether to grant a stay: "(1) the private

interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Plaintiff Underwriters fail to adequately address, let alone refute, the American Club's conclusion that each of these factors favors granting a stay with respect to the claims asserted in the instant action against the American Club.

        A.      Plaintiff Underwriters' Interests Will Not Be
                 Prejudiced If Their Action Against the American Club Is Stayed

While Plaintiff Underwriters assert that their interests will be prejudiced by the granting of a stay, they fail to set forth any legitimate examples of the prejudice they believe that they will suffer in the event that the Cross-Motion to Stay is granted. Instead, Plaintiff Underwriters make claims which completely mischaracterize the nature of these proceedings and the proceedings between the American Club and Lafarge.

Specifically, Plaintiff Underwriters first argue that they will be prejudiced if the instant action is stayed because Lafarge has demanded coverage of legal expenses incurred by Lafarge in connection with the Hurricane Katrina claims. *See* Opposition at p. 2. However, the Plaintiff Underwriters themselves make clear that they cannot be prejudiced at this stage because (1) they admit in their Declaratory Judgment Complaint that the primary policy issued by New York Marine and General Ins. Co. ("NYMAGIC") has not yet been exhausted; and (2) it appears that Plaintiff Underwriters would refuse to make any payments to Lafarge regardless of whether a demand may properly be made at this time. Moreover, in the event that coverage under the primary policy is exhausted, NYMAGIC as the lead excess underwriter may agree to continue to pay Lafarge's defense costs under the excess policy. Since Plaintiff Underwriters have a follow

3

clause in their excess policies, they would be obligated to pay their shares of the defense costs. In that case, Plaintiff Underwriters could not show that they would be prejudiced by a stay of the instant action because of their contractual obligation to follow NYMAGIC. Indeed, if such a result did occur, any claim for relief that Plaintiff Underwriters could assert would be against NYMAGIC, the lead excess underwriter, and not against the American Club or Lafarge.

In addition, Plaintiff Underwriters' second argument that the Court must simultaneously consider all potentially applicable insurance clauses further confuses the actual issues raised in the American Club's declaratory judgment action against Lafarge, as well as those presented by the Cross-Motion to Stay. *See* Opposition at pp. 2-3. Specifically, this argument ignores the fact that it is unnecessary to look to other insurance clauses to determine the scope of coverage provided under Lafarge's policy with the American Club, and that certain questions regarding coverage under these insurance clauses may become moot following resolution of the question of whether Barge ING 4727 was actually entered with or insured by the American Club. *See U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F. Supp. 2d 348, 354 (E.D.N.Y. 2006) ("At this point, a determination of the insurers' respective liability exposure is nothing more than theoretical. Such a determination might be made moot by a finding of non-liability in the state court action."); *see also Bellefonte Reinsurance Co. v. Aetna Cas. & Sur. Co.*, 590 F. Supp. 187, 192 (S.D.N.Y. 1984) ("This Court must heed the oft recited admonition that 'it is not the function of a United States District Court to sit in judgment of these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass.'") (citation omitted). Plaintiff Underwriters therefore cannot not be prejudiced since their action is not ripe for adjudication, and this factor thus weighs in favor of granting the Cross-Motion to Stay.

B.  The American Club Will Be Significantly
Burdened If the Instant Action Is Not Stayed

As previously discussed in the Cross-Motion to Stay, the American Club would be significantly burdened were it required to proceed in the instant action, as it would be forced to argue duplicative claims, and would be subjected to unnecessary, piecemeal litigation regarding whether Lafarge has cover under its Certificate of Entry with the American Club.[1] Further, without a stay, the American Club's interest in seeking a swift resolution on the issue of cover would be significantly prejudiced.[2]

Plaintiff Underwriters maintain that there will be no delay because they will not seek any additional discovery. *See* Opposition at p. 6. Plaintiffs speak only for themselves in making such a statement, however – their argument overlooks the fact that the American Club and Lafarge will undoubtedly seek discovery from Plaintiff Underwriters with regard to their first cause of action in order to best protect their clients' interests.[3]

In addition, the American Club would be prejudiced through the needless expenditure of resources if it is required to engage in unnecessary litigation, as a declaration in favor of the

---

[1] Moreover, inasmuch as Plaintiff Underwriters admit in the Opposition that their first cause of action "overlaps" with the American Club's declaratory judgment action against Lafarge, *see* Opposition at p. 6, this cause of action violates the Second Circuit's "first-filed rule," which gives preference to a suit filed first in time when determining which action to stay. *See Regions Bank v. Wiedner & Mastoianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (Court granted motion to stay in favor of first filed proceedings stating "where two actions involve substantially the same issues, the first suit should have priority.").

[2] In addition, Plaintiff Underwriters do not contest that Lafarge is in fact adequately protecting their interests in litigating the issue of cover under its Certificate of Entry, nor do they deny that Lafarge, as the assured, is clearly in the best position to do so.

[3] For example, the American Club still has not been given a copy of the insurance policy issued to Lafarge by the Plaintiff Underwriters. While both the Declaration of Robert G. Clyne submitted in support of Lafarge's Cross-Motion to Dismiss and the Affidavit of John A.V. Nicoletti submitted in support of the Plaintiff Underwriters' Cross-Motion for Summary Judgment in the instant action purport to attach the excess policy as an exhibit thereto, it is clear from the face of the respective documents that neither is in fact the excess policy. Similarly, there may be many other documents of which the American Club is currently not aware that it must seek to obtain from the Plaintiff Underwriters in order to adequately defend against the claims included in the instant action.

5

American Club in the declaratory judgment action would render all of the claims that Plaintiff Underwriters continue to raise completely irrelevant.

Plaintiff Underwriters fail to refute or deny that the American Club will be prejudiced by engaging in unnecessary litigation, and they do not dispute that their claims regarding "other insurance" clauses could be mooted by a decision in favor of the American Club in their action against Lafarge. Instead, the Plaintiff Underwriters engage in a lengthy, inappropriate discussion on "other insurance clauses" and the merits of the American Club's defenses in the declaratory judgment action against Lafarge. *See* Opposition at pp. 3-7. This discussion is essentially, to use Plaintiff Underwriters' language, "a red herring." *Id*. at p. 7. Plaintiff Underwriters' discussion of who must pay first under the potentially applicable insurance clauses is immaterial at this stage, since there will be no need to engage in this analysis in the event a determination in the declaratory judgment action in favor of the American Club is rendered. Moreover, Plaintiff Underwriters misconstrue the American Club's declaratory judgment action against Lafarge by focusing solely on its argument pertaining to whether the American Club was able to review and/or approve the indemnity provisions in the transportation agreement dated December 14, 2004 between Lafarge and Ingram Barge Company (the "Transportation Agreement"). In fact, this is only one of the arguments included in the Complaint filed in the declaratory judgment action – and, more importantly, this discussion in the Opposition has no bearing on the propriety of staying the instant action. Plaintiff Underwriters' confusing and inapplicable arguments thus fail to contradict the American Club's showing that this factor weighs in favor of granting the Cross-Motion to Stay.

      C.      Interests of the Courts and the
                  Public Interest Weigh In Favor of Granting a Stay

Because neither this Court's interest nor the public interest is furthered by engaging in duplicative and unnecessary litigation, the granting of the Cross-Motion to Stay is proper. While Plaintiff Underwriters attempt to argue otherwise by stating that there may be "'unnecessary duplication' of matters if the two actions are not consolidated," it is the Cross-Motion to Stay, and not the motion to consolidate filed by Plaintiff Underwriters, that is currently before the Court. *See* Opposition at p. 7. Resolution of the American Club's action against Lafarge "will more than likely narrow the issues before this Court and ultimately save the parties and the Court from a needless or duplicative expenditure of resources," since the declaration regarding "other insurance" clauses may be rendered moot by a decision in favor of the American Club in its declaratory judgment action against Lafarge. *HMT, Inc. v. Bell BCI, Co.*, No. 06-CV-6193T, 2007 WL 295328, at *3 (W.D.N.Y. Jan. 30, 2007). Thus, the interests of this Court and the public are not furthered by the entertaining of a claim that is not ripe for adjudication, and these factors indicate that the Cross-Motion to Stay should be granted.

      D.      Interests of Non-Parties Supports an Expedient Resolution to
                  the American Club Coverage Issues and, Therefore, Favors a Stay

As previously discussed in the Cross-Motion to Stay, staying the instant action will allow the American Club's declaratory judgment action to proceed expeditiously and will thereby serve the interests of persons not parties to the civil litigation. A swift declaration in the action brought by the American Club will enable the plaintiffs in the underlying Hurricane Katrina litigations to sooner understand the scope of Lafarge's insurance coverage as a potential avenue of recovery. Plaintiff Underwriters failed to include any explanation for their assertion to the contrary in the Opposition, and as such, this factor weighs in favor of staying Plaintiff Underwriters' action.

7

**CONCLUSION**

Staying the present action as to the American Club would not cause Plaintiff Underwriters any prejudice, and it would allow for an expeditious resolution of its declaratory judgment action against Lafarge. Moreover, as to the American Club, the instant action may be rendered entirely moot by the outcome in its now two-year old and nearly completed declaratory judgment action against Lafarge. Judicial economy therefore weighs in favor of a stay.

Accordingly, and for all of the reasons included herein and in the Cross-Motion to Stay, the American Club respectfully requests that this Court stay the instant action by Plaintiff Underwriters, and award such additional relief as this Court deems just and proper.

Dated:  New York, New York
        July 3, 2008

THACHER PROFFITT & WOOD LLP

By:     /s/ John M. Woods
     John M. Woods
     jwoods@tpw.com
     Jennifer S. Kozar
     jkozar@tpw.com

Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for American Steamship Owners*
  *Mutual Protection and Indemnity*
  *Association, Inc.*