HILL RIVKINS & HAYDEN LLP
Attorneys for Defendant
Lafarge North America Inc.
45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

THE NORTHERN ASSURANCE COMPANY
OF AMERICA and AMERICAN HOME
ASSURANCE COMPANY,

               Plaintiffs,

- against –

LAFARGE NORTH AMERICA, INC. and
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.,

               Defendants.

-----------------------------------------------------------x

Civil Action No.:
08 CV 3289 (CSH)

## RESPONSE OF DEFENDANT LAFARGE NORTH AMERICA INC. TO THE PLAINTIFFS' LOCAL RULE 56.1 STATEMENT

Pursuant to Rule 56.1 of the Local Civil Rules for the Southern and Eastern District of New York, Defendant, Lafarge North America Inc. ("LNA"), responds to the Rule 56.1 Statement of the Plaintiffs, The Northern Assurance Co. of America ("NACA") and American Home Assurance Co. ("AHAC"), as follows:

    1.    Admitted.

    2.    Admitted

    3.    Admitted

    4.    Admitted

5. Admitted, except that the "Member-Specific provisions" to which the plaintiffs refer appears in the body of the Certificate of Entry, not a rider.

6. Admitted

7. Denied, as the allegation calls for a legal conclusion not supported by the evidence to which the allegation refers.

8. Admitted

9. Admitted, except that LNA denies that its acquisition of an insurable interest in barge ING 4727 was necessarily dependent upon the terms and conditions of the Transportation Agreement.

10. Admitted

11. Admitted, except that LNA denies that its acquisition of an insurable interest in barge ING 4727 was necessarily dependent upon the terms and conditions of the Transportation Agreement.

12. Admitted, except that LNA denies that the automatic attachment of coverage to barge ING 4727 was necessarily dependent upon the terms and conditions of the Transportation Agreement.

13. Admitted

14. Admitted

15. Admitted

16. Admitted.

17. Admitted

18. Admitted

19. Denied as the allegation calls for a legal conclusion not supported by the evidence to which the allegation refers.

20. Admitted that the Excess Policy under which the plaintiffs have filed their declaratory judgment complaint contains a provision regarding LNA's maintaining certain underlying insurance, but otherwise denies the allegation as it calls for a legal conclusion not supported by the evidence to which the allegation refers.

21. Admitted that the "primary MMO Policy" is referred to in the Excess Policy under which the plaintiffs have filed their declaratory judgment complaint, but otherwise denies the allegation as it calls for a legal conclusion not supported by the evidence to which the allegation refers.

22. Admitted that LNA's entry with the American Club is referred to in the Excess Policy under which the plaintiffs have filed their declaratory judgment complaint, but otherwise denies the allegation as it calls for a legal conclusion not supported by the evidence to which the allegation refers.

23. Admitted

24. Admitted

25. Denied, as the allegation calls for a legal conclusion not supported by the evidence to which the allegation refers.

26. Denied, as the allegation calls for a legal conclusion not supported by the evidence to which the allegation refers.

Dated: New York, New York
July 28, 2008

HILL RIVKINS & HAYDEN LLP

Attorneys for Defendant
Lafarge North America Inc.

By: _____/s/ John J. Sullivan_____
John J. Sullivan (JS 1037)
Robert G. Clyne (RC-2987)
45 Broadway, Suite 1500
New York, NY 10006
(212) 669-0600

4