UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA and AMERICAN HOME ASSURANCE COMPANY,<br><br>Plaintiffs,<br><br>- against -<br><br>LAFARGE NORTH AMERICA, INC., and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.<br><br>Defendants | ECF CASE<br><br>Case No.: 08 CV 3289 (CSH) (AJP) |

**DEFENDANT AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.'S
RESPONSE TO PLAINTIFFS' LOCAL CIVIL RULE 56.1
STATEMENT AND ADDITIONAL STATEMENT OF UNCONTESTED FACTS**

Pursuant to Local Civil Rule 56.1, Defendant American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club") submits this statement in response to the Local Civil Rule 56.1 Statement (the "Rule 56.1 Statement") by Plaintiffs The Northern Assurance Company of America and American Home Assurance Company (collectively, the "Plaintiff Excess Underwriters"). With respect to the statements included in the Rule 56.1 Statement, the American Club responds and sets forth as follows:

1. The American Club denies that Exhibit 5 to the Affidavit of John A.V. Nicoletti in Support of Cross-Motion for Summary Judgment (the "Nicoletti Affidavit") is in fact a valid policy. The document alleged to be an insurance policy is merely a Confirmation of Insurance issued by the broker, as stated on the face of the document itself. *See* Nicoletti Affidavit, Ex. 5.

2. There are genuine issues of material fact with respect to the aggregate limit of the alleged MMO policy because the American Club has yet to see a valid MMO policy. The Rule

56.1 Statement cites to the Plaintiff Excess Underwriters' Complaint at ¶ 20, and Lafarge North America, Inc's ("Lafarge") Answer to the Plaintiff Excess Underwriters' Complaint at ¶ 20 as the basis for its factual assertion.  The American Club denied knowledge or information to form a belief as to the truth of the allegations contained in ¶ 20 because it had not at that time, nor has it now, seen a valid insurance policy.  *See* American Club Answer with Affirmative Defenses (the "American Club Answer"), attached to the Nicoletti Affidavit as Exhibit 3, at ¶3.

3. The American Club denies that Exhibit 5 to the Nicoletti Affidavit is in fact a valid policy.  As stated in ¶ 1 of this response, it is merely a Confirmation of Insurance and not an actual insurance policy.  The American Club admits that the language cited does appear in Exhibit 5 to the Nicoletti Affidavit.  *See* Nicoletti Affidavit, Ex. 5.

4. The American Club has admitted that Lafarge N.A., Inc.'s rights and obligations with the American Club are governed at least in part by the American Club By-Laws and Rules (the "Club Rules"), but it has denied and continues to deny the rest of the allegations in ¶ 4 of the Rule 56.1 Statement.  *See* American Club Answer at ¶12.

5. The American Club does not dispute that Lafarge received a Certificate of Entry which expressly makes applicable the Club Rules to the member's insurance, and that the Certificate of Entry included Member-Specific provisions.  The American Club disputes that Exhibit 7 to the Nicoletti Affidavit is a complete copy of the Certificate of Entry.  *See* Nicoletti Affidavit, Ex. 7.

6. The American Club agrees that Lafarge's Certificate of Entry contains a Member-Specific clause entitled "Chartered Barges," and agrees that the language quoted is the language from the "Chartered Barges" clause in Lafarge's Certificate of Entry and that the terms are true and complete.

7.   The American Club does not agree that ¶ 7 of the Rule 56.1 Statement contains undisputed material facts. Rather, ¶ 7 asserts a legal conclusion. In any event, the American Club disputes that the Transportation Agreement between Lafarge and Ingram Barge Company ("Ingram") defines the legal relationship between Lafarge and Barge ING 4727. The document speaks for itself, but the American Club asserts that the Transportation Agreement defines a legal relationship between Lafarge and Ingram. Nowhere in the Transportation Agreement is there any mention of Barge ING 4727. *See* Nicoletti Affidavit, Ex. 8.

8.   The American Club does not dispute that the language quoted is from the Transportation Agreement and that the terms are true and complete.

9.   The American Club does not agree that ¶ 9 of the Rule 56.1 Statement contains undisputed material facts. In any event, the Plaintiff Excess Underwriters do not offer any evidence other than their own and Lafarge's pleadings, and the American Club denied the allegations in ¶ 71 of the Plaintiff Excess Underwriters' Declaratory Judgment Complaint in the American Club Answer. *See* American Club Answer at ¶ 2.

10.  The American Club does not agree that ¶ 10 of the Rule 56.1 Statement contains undisputed material facts. In any event, the Plaintiff Excess Underwriters do not offer any evidence other than their own and Lafarge's pleadings, and the American Club denied the allegations in ¶ 72 of the Plaintiff Excess Underwriters' Declaratory Judgment Complaint in the American Club Answer. *See* American Club Answer at ¶ 2.

11.  The American Club does not agree that ¶ 11 of the Rule 56.1 Statement contains undisputed material facts. In any event, the Plaintiff Excess Underwriters do not offer any evidence other than their own and Lafarge's pleadings, and the American Club denied the

allegations in ¶ 73 of the Plaintiff Excess Underwriters' Declaratory Judgment Complaint in the American Club Answer. *See* American Club Answer at ¶ 2.

12. The American Club does not agree that ¶ 12 of the Rule 56.1 Statement contains undisputed material facts. In any event, the Plaintiff Excess Underwriters do not offer any evidence other than their own and Lafarge's pleadings, and the American Club denied the allegations in ¶ 74 of the Plaintiff Excess Underwriters' Declaratory Judgment Complaint in the American Club Answer. *See* American Club Answer at ¶ 2.

13. The American Club agrees that Defendant Lafarge did attempt to declare the Barge ING 4727 in March of 2006. The American Club disputes that Lafarge's Certificate of Entry provided cover for Barge ING 4727 and that coverage attached to Barge ING 4727. Moreover, the American Club denied the allegations in ¶ 75 of the Plaintiff Excess Underwriters' Declaratory Judgment Complaint in the American Club Answer. *See* American Club Answer at ¶ 2.

14. The American Club does not agree that ¶ 14 of the Rule 56.1 Statement contains undisputed material facts. In any event, the Plaintiff Excess Underwriters do not offer any evidence other than their own and Lafarge's pleadings, and the American Club denied the allegations in ¶ 76 of the Plaintiff Excess Underwriters' Declaratory Judgment Complaint in the American Club Answer. *See* American Club Answer at ¶ 2.

15. The American Club does not agree that ¶ 15 of the Rule 56.1 Statement contains undisputed material facts. In any event, the Plaintiff Excess Underwriters do not offer any evidence other than their own and Lafarge's pleadings, and the American Club denied knowledge or information sufficient to form a belief as to the truth of the allegations contained in

¶ 81 of the Plaintiff Excess Underwriters' Declaratory Judgment Complaint in the American Club Answer. *See* American Club Answer at ¶ 3.

16.   The American Club does not dispute that the clause quoted is a true excerpt from the Club Rules.

17.   The American Club does not dispute that the clause quoted is a true excerpt from the Club Rules.

18.   The American Club disputes that the document attached as Exhibit 4 to the Nicoletti Affidavit is in fact a valid insurance policy. The document states directly on its face that:

> IN WITNESS WHEREOF, this Company has caused this Policy to be executed below, but this Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

The document is not countersigned and is thereby not valid according to its terms. In addition, the other pages in the purported "Joint Policy" are from the wrong policy year, contain unexplained handwritten notations, and none of the pages with signature lines contain signatures. All of the pages are unexecuted. *See* Nicoletti Affidavit, Ex. 4.

19.   For the reasons stated in ¶ 18 of this response, the American Club disputes the allegations contained in ¶ 19 of the Rule 56.1 Statement.

20.   For the reasons stated in ¶ 18 of this response, the American Club disputes the allegations contained in ¶ 20 of the Rule 56.1 Statement.

21.   For the reasons stated in ¶ 18 of this response, the American Club disputes the allegations contained in ¶ 21 of the Rule 56.1 Statement.

22.   For the reasons stated in ¶ 18 of this response, the American Club disputes the allegations contained in ¶ 22 of the Rule 56.1 Statement.

23.     For the reasons stated in ¶ 18 of this response, the American Club disputes the allegations contained in ¶ 23 of the Rule 56.1 Statement. The American Club does agree, however, that the terms are from Exhibit 4 to the Nicoletti Affidavit. *See* Nicoletti Affidavit, Ex. 4.

24.     For the reasons stated in ¶ 18 of this response above, the American Club disputes the allegations contained in ¶ 24 of the Rule 56.1 Statement. The American Club does agree, however, that the terms are from Exhibit 4 to the Nicoletti Affidavit. *See* Nicoletti Affidavit, Ex. 4.

25.     This is not a statement of fact but rather a legal conclusion. It is improper in a Local Rule 56.1 statement and no response by the American Club is necessary. To the extent a response is required, the American Club disputes the statements included in ¶ 25 of the Rule 56.1 Statement.

26.     This is not a statement of fact but rather a legal conclusion. It is improper in a Local Rule 56.1 statement and no response by the American Club is necessary. To the extent a response is required, the American Club disputes the statements included in ¶ 26 of the Rule 56.1 Statement.

### **Defendant American Club's Additional Uncontested Material Facts**

27.     The ING 4727 was not on Lafarge's Schedule of Vessels forming part of the Certificate of Entry with the American Club. *See* Certificate of Entry, attached to the Declaration of John M. Woods (the "Woods Declaration") as Ex. A.

28.     Lafarge did not purchase, charter or lease the ING 4727. The Transportation Agreement between Lafarge and Ingram Barge Company contains a clause titled "Independent Contractor" which specifically states:

>Nothing contained in this Contract shall be construed as a contract by Shipper for the chartering, hiring or leasing of any barge, towboat or other equipment of Carrier to be provided hereunder; nor shall any of the agents, servants, subcontractors or employees of Carrier be regarded as employees of Shipper, it being understood that Carrier is in all respects an independent contractor and that Shipper shall exercise no control over the operation of any barge, towboat or other equipment of Carrier or over Carrier's agent, servants, subcontractors or employees.

*See* Nicoletti Affidavit, Ex. 8.

29. Lafarge did not acquire the ING 4727, nor did it have any interest in the vessel of a nature similar to a purchase charter or lease. *See* Nicoletti Affidavit, Ex. 8; Woods Declaration, Ex. A.

Dated:     New York, New York
           July 28, 2008

                                        THACHER PROFFITT & WOOD LLP

                                        By:  /s/ John M. Woods
                                             John M. Woods
                                             jwoods@tpw.com
                                             Jennifer S. Kozar
                                             jkozar@tpw.com

                                        Two World Financial Center
                                        New York, New York 10281
                                        (212) 912-7400

                                        *Attorneys for American Steamship
                                         Owners Mutual Protectin and
                                         Indemnity Association, Inc.*