UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA and AMERICAN HOME ASSURANCE COMPANY,<br><br>          Plaintiffs,<br><br> - against -<br><br>LAFARGE NORTH AMERICA, INC. and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,<br><br>          Defendants. | ECF CASE<br><br>Case No.: 08 CV 3289 (CSH) (AJP) |

**DEFENDANT AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION
AND INDEMNITY ASSOCIATION, INC.'S MEMORANDUM OF LAW
<u>IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION</u>**

                           THACHER PROFFITT & WOOD LLP
                           Two World Financial Center
                           New York, New York 10281
                           (212) 912-7400
                           John M. Woods
                           Jennifer S. Kozar

                           *Attorneys for American Steamship Owners*
                            *Mutual Protection and Indemnity*
                            *Association, Inc.*

American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), by and through its attorneys Thacher Proffitt & Wood LLP, hereby submits this Memorandum of Law in opposition to the motion for reconsideration (the "Motion for Reconsideration") filed in the instant action by The Northern Assurance Company of America and American Home Assurance Company (the "Excess Underwriters").

## PRELIMINARY STATEMENT

Despite this Court's clear and thoroughly reasoned order of August 4, 2008 (the "August 4th Order") providing that the Excess Underwriters' action against the American Club and Lafarge North America, Inc. ("Lafarge") should not be consolidated with, and should be stayed pending a determination in, the American Club's declaratory judgment action against Lafarge (the "Declaratory Judgment Action"), the Excess Underwriters now ask the Court to reconsider its prior decision for reasons that are blatantly contrived and unsupported. Despite the conclusory and at times puzzling allegations by the Excess Underwriters to the contrary, there is simply no showing (nor can there be) of any detriment to the Excess Underwriters by requiring them to wait until after the issue of coverage vis-à-vis Lafarge and the American Club is determined in the Declaratory Judgment Action, let alone any "manifest injustice." In fact, the only "manifest injustice" that would be occasioned by granting the Excess Underwriters' motion to reconsider would be the delay caused by allowing the Excess Underwriters the opportunity to submit an unhelpful brief, thereby causing further delay in the determination of the now fully-briefed summary judgment motion in the Declaratory Judgment Action, and possible delay of this Court's trial date.

## FACTUAL BACKGROUND

Recognizing that the Court has already been briefed on the facts surrounding the instant action in the numerous motions previously submitted in this now-stayed action by the Excess

Underwriters, and in the Declaratory Judgment Action, the American Club will spare the Court any further recitation of the factual background relating to the Excess Underwriters' Motion for Reconsideration.

## LEGAL ARGUMENT

By submitting the Motion for Reconsideration, the Excess Underwriters have not only undermined this Court's efforts to save the time and resources of the parties and the Court, which was the stated intention of the Court's August 4th Order, but they have also highlighted the lack of merit in their request to participate in the coverage dispute between the American Club and Lafarge. Accordingly, the Court's previous determinations to deny the Excess Underwriters' motion for consolidation and stay the Excess Underwriters' action pending a decision in the Declaratory Judgment Action should not be disturbed, and the Motion for Reconsideration should be denied.

## POINT I

### EXCESS UNDERWRITERS HAVE FAILED TO DEMONSTRATE ANY BASIS FOR RECONSIDERATION OF THE COURT'S AUGUST 4TH ORDER

A.    There is No Manifest Injustice

The suggestion that the Court's August 4th Order causes manifest injustice is simply preposterous. Plaintiffs' Memorandum of Law in Support of the Motion for Reconsideration offers no support for the claim, beyond conclusory and patently inaccurate statements. Indeed, there is no manifest injustice created by the Court's August 4th Order for the simple reason that the Excess Underwriters are not parties to the insurance policy between Lafarge and the American Club. Thus, they have no standing to intervene in the Declaratory Judgment Action, even if it is in their own obvious and blatant self-interest to argue for coverage for Lafarge. Since Excess Underwriters have no first-hand knowledge of the negotiation and placement of

2

Lafarge's coverage with the American Club, any input they gave with respect to the American Club's summary judgment motion in the Declaratory Judgment Action would be mere conjecture, and most likely misleading, if not inaccurate. More importantly, the Excess Underwriters cannot possibly add anything to the arguments of Lafarge's counsel, who the Excess Underwriters themselves characterized as "capable" and who they admit "will no doubt energetically oppose the American Club's motion for summary judgment." (Memorandum of Law in Support of Motion for Reconsideration at p. 2.) Thus, the Excess Underwriters do not suggest that their interests are not being protected. How can they then argue "manifest injustice?"

      B.    <u>Excess Underwriters' Unsupported and Conclusory Statements are Misleading and Knowingly False</u>

Although brief, the Excess Underwriters' Memorandum of Law in Support of its Motion for Reconsideration is replete with statements that are ludicrous, unsupported, and even clearly wrong. Among the most outrageous are the following:

> (i)    That the Court's August 4th Order "<u>does not serve the Court's intent to minimize duplication and expenditure upon necessary judicial resources…</u>" (Memorandum of Law in Support of Motion for Reconsideration, at p .2.) On the contrary, as the Court correctly found in its August 4th Order, "resolution of the American Club action against Lafarge will substantially narrow the issues and ultimately save the parties and the Court from the needless or duplicative expenditure resources." (August 4th Order, at p. 4.)

> (ii)    With respect to the Court's ruling on coverage in the Declaratory Judgment Action, "<u>such a decision may not be binding on [Excess Underwriters]</u>." (Memorandum of Law in Support of Motion for Reconsideration, at p. 2.) Curiously, support for this statement by Excess Underwriters is that it was "as stated by the Court." (*Id.*) However, the Excess Underwriters do not cite to any language from any decision by the Court in support of that claim. Accordingly, it is difficult to react to this statement, other than to point out how illogical it is.

      (iii)    "… allowing the other parties (*i.e.*, the American Club and Lafarge) the opportunity to freely argue in favor and in opposition to coverage under the American Club Policy amounts to manifest injustice." (Memorandum of Law in Support of Motion for Reconsideration, at p. 5.)  Again, Excess Underwriters offer no support for this statement, which also defies logic.  Obviously, allowing the two parties to the insurance policy to fully and freely litigate the issue of coverage cannot possibly operate to inflict manifest injustice on anyone, let alone a non-party to the insurance policy.

      (iv)    Allowing Excess Underwriters to join in the briefing of the American Club's Motion for Summary Judgment "<u>will cause no delay in the Court's Scheduling Order</u>." (Memorandum of Law in Support of Motion for Reconsideration, at p. 6.)  That is obviously a false statement because, pursuant to the briefing schedule contained in the Court's Order of August 1, 2008, briefing of the American Club's summary judgment motion is already complete and the motion is now *sub judice*.  (Reply briefs were ordered to be served and filed by August 25th.)  Thus, if the Court were to grant Excess Underwriters' Motion for Reconsideration, a new briefing schedule will be required for the submission of the Excess Underwriters' answering papers, followed by the American Club's reply papers.  There is also a good chance that the Excess Underwriters would once again seek to file a sur-reply brief, which would further delay resolution of the summary judgment motion by the American Club.  With the trial date for the Declaratory Judgment Action of October 6, 2008 now set, there is simply no time for further briefing of the motion.

The foregoing examples of the Excess Underwriters' "shoot from the hip" approach demonstrate the lack of merit to their Motion for Reconsideration, as well as a disregard for the time of the Court and the American Club.

## POINT II

### THE MOTION FOR RECONSIDERATION ON ITS FACE HAS NO MERIT

Excess Underwriters make no attempt to define "manifest injustice", let alone show how the Court's August 4th Order causes them to suffer such a result.  Indeed, as noted by the Court in its August 4th Order, denial of consolidation "works no discernable prejudice upon Excess Underwriters." (Memorandum of Law in Support of Motion for Reconsideration, at p. 2.)  Nor

4

does awaiting the result of the American Club's Declaratory Judgment Action work any hardship on the Excess Underwriters, given that they have admitted that Lafarge's counsel will capably litigate the coverage issue, and the Excess Underwriters have made no showing (nor indeed any allegation) that their interests diverge from Lafarge's in any significant way.  Thus, the Motion for Reconsideration is a complete waste of the time and resources of the Court, as well as that of the American Club.  The American Club therefore invites the Court to advise whether a motion for sanctions is appropriate.

## CONCLUSION

The Excess Underwriters' Motion for Reconsideration is without a scintilla of merit. Accordingly, and for all of the foregoing reasons, the American Club respectfully requests that this Court deny the Excess Underwriters' Motion for Reconsideration, and award such additional relief as this Court deems just and proper.

Dated:   New York, New York
         August 26, 2008

THACHER PROFFITT & WOOD LLP

By:   /s/ John M. Woods
     John M. Woods
     jwoods@tpw.com
     Jennifer S. Kozar
     jkozar@tpw.com

Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for American Steamship Owners Mutual Protection and Indemnity Association, Inc.*